UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARRY SIMS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-9932** |
| **LANDRIEU CONCRETE & CEMENT INDUSTRIES LLC** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Landrieu Concrete and Cement Industries LLC's ("LCCI") Motion to Dismiss under Rules 12(b)(4) and 12(b)(5) (Doc. 11). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This action arises out of alleged employment discrimination experienced by pro se Plaintiff Barry Sims. On March 8, 2017, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Louisiana Commission on Human Rights against Defendant LCCI.[1] Plaintiff alleged that he was discriminated against based on his race and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 2008 ("ADA"). On July 25, 2018, the EEOC issued a Dismissal and Notice of Right to Sue ("Right to Sue Letter").[2] The Right to Sue Letter notes that any suit under federal law based

---

[1] Doc. 1-1 at 5–6.
[2] *Id.* at 1–2.

1

on the allegations in the charge of discrimination would need to be filed within 90 days of receipt of the Right to Sue Letter.

On October 24, 2018, Plaintiff filed a pro se Complaint for Employment Discrimination in this Court.[3] The Complaint charges LCCI with violating the ADA by failing to accommodate Plaintiff's disability. In the Complaint, Plaintiff certified that he received the Right to Sue Letter on July 25, 2018.[4] On October 24, 2018, Plaintiff also filed a motion for leave to proceed in forma pauperis.[5] Plaintiff's in forma pauperis application was denied on October 30, 2018.[6]

On October 24, 2019, Plaintiff paid the requisite filing fee for this matter. Plaintiff also filed a request for summons,[7] and the summons was issued that day.[8] Then, on October 28, 2019, Plaintiff filed an Amended Complaint and a request for summons for the Amended Complaint, which was issued the same day.[9] There is one return of service filed into the record. It shows that on October 28, 2019, process server Adrena Chandler delivered summons intended for Defendant via certified mail to 2034 Agriculture Street in New Orleans, Louisiana, 70122.[10] The signature for the recipient appears to be a Toni Wolverton, and the date of receipt is left blank.[11]

Defendant now moves this Court to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) for

---

[3] *See* Doc. 1. Defendant incorrectly asserts that Plaintiff "did not file his Complaint against LCCI until October 25, 2018." Doc. 11-1 at 3.
[4] Doc. 1 at 5.
[5] Doc. 2.
[6] Doc. 4.
[7] Doc. 5.
[8] Doc. 6.
[9] Docs. 7, 8, 9.
[10] Doc. 10 at 2–4.
[11] *Id.* at 4.

insufficient process and insufficient service of process. Plaintiff did not file an opposition to the motion.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(4) provides that an action may be dismissed for "insufficient process." A challenge under Rule 12(b)(4) attacks the form of the process rather than how process was served.[12] By contrast, Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for "insufficient service of process." A Rule 12(b)(5) challenge contests the manner in which process was served.[13] District courts have broad discretion when determining whether to dismiss an action for ineffective service or ineffective service of process.[14]

When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[15] "A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure."[16]

---

[12] McCoy v. Hous. Auth. of New Orleans, No. CV 15-398, 2015 WL 9204434, at *5 n.75 (E.D. La. Dec. 17, 2015) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURES § 1353 (3d ed.)) ("An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.") (citations omitted).
[13] *Id*.
[14] Yarbrough v. Swift, No. 18-10093, 2019 WL 2027173 (E.D. La. May 8, 2019) (citing Henderson v. Republic of Texas, 672 F. App'x 383, 384 (5th Cir. 2016)).
[15] Aetna Bus. Credit9, Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981).
[16] Thrasher v. City of Amarillo, 709 F.3d 509, 512 (5th Cir. 2013).

Pursuant to Federal Rule of Civil Procedure 4(h)(1), unless the defendant has filed a waiver, service on a corporate entity must be served in a judicial district of the United States:

> (A) in the manner prescribed by [Federal] Rule [of Civil Procedure] 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Under Article 1266(A) of the Louisiana Code of Civil Procedure, service of process on a domestic limited liability company must be made by personal service on any one of its agents designated for service of process. If the limited liability company has failed to designate an agent for service; if the limited liability company lacks a registered agent because of death, resignation, or removal; or if an individual attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service of process may be made by any of the following methods:

> (1) Personal service on any manager if the management of the limited liability company is vested in one or more managers or if management is not so vested in managers, then on any member.
> (2) Personal service on any employee of suitable age and discretion at any place where the business of the limited liability company is regularly conducted.

4

> (3) Service of process under the provisions of [LA] R.S. 13:3204, if the limited liability company is subject to the provisions of [LA] R.S. 13:3201.[17]

Under Federal Rule of Civil Procedure 4(m), if the plaintiff has not effected proper service on the defendant within 90 days after he filed his complaint, the court must dismiss the action without prejudice or order that service be made within a specified time period. However, if the plaintiff demonstrates "good cause" for the failure to properly effect service, dismissal is improper, and the court must extend the time for service for an appropriate period.[18]

To establish good cause, a plaintiff bears the burden of demonstrating "at least as much as would be required to show excusable neglect."[19] "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[20] "While the district court has discretion to extend the time allowed for curing defective service if good cause is not shown, the court can also refuse to exercise this discretion."[21]

## LAW AND ANALYSIS

Defendant makes three arguments in support of its Motion to Dismiss. First, Defendant argues that Plaintiff failed to perfect valid service on it because its registered agent was not personally served. Second, Defendant argues that Plaintiff failed to request summons or attempt service on LCCI until more than one year after filing his Complaint. Third, Defendant argues that Plaintiff should not be given additional time to properly serve Defendant

---

[17] LA. CODE CIV. PROC. art. 1266(B).
[18] FED. R. CIV. P. 4(m).
[19] Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985).
[20] *Id.*
[21] Hawkins v. Potter, 234 F. App'x 188, 190 (5th Cir. 2007) (citing Thompson v. Brown, 91 F.3d 20, 21–22 (5th Cir. 1996)).

5

Case 2:18-cv-09932-JTM-JVM   Document 12   Filed 05/24/20   Page 6 of 10

because doing so would be futile, as Plaintiff filed his suit beyond the 90-day period provided for in the Right to Sue Letter. The Court will take each argument in turn.

### A. Failure to Personally Serve Registered Agent

Defendant correctly notes that under Federal Rule of Civil Procedure 4(h)(1), a plaintiff has two options for perfecting valid service on a limited liability company. The first option is "in the manner prescribed by Rule 4(e)(1) for serving an individual."[22] Rule 4(e)(1) provides that an individual may be served by following state law for serving a summons in the state where the district court is located or where service is made. In Louisiana, service of process on a domestic limited liability company must be made by personal service on its registered agent unless the limited liability company has failed to designate an agent for service; lacks a registered agent because of death, resignation, or removal; or if the individual attempting to make service certifies that he is unable, after due diligence, to serve the designated agent.[23]

Here, Plaintiff did not make personal service on Jonathan Forester, Defendant's Registered Agent. Plaintiff has also failed to certify that he was unable to serve the designated agent after due diligence. Thus, Plaintiff failed to perfect service on Defendant under the first of two options.

The second option for perfecting service on a limited liability company is "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the

---

[22] FED. R. CIV. P. 4(h)(1)(A).
[23] LA. CODE CIV. PROC. art. 1266.

defendant."[24] Defendant asserts that under this avenue, personal service is still required. Indeed, "[c]ourts have consistently held" that this option's "delivery requirement refers to personal service, not service by mail."[25] Because Plaintiff did not serve Defendant via personal service, Plaintiff failed to perfect service under the second of two options. Accordingly, the Court finds that the form of Plaintiff's service did not comply with either provision of Rule 4(h)(1).

### B. Failure to Timely Serve Defendant

Defendant also argues that Plaintiff failed to perfect service upon it within the 90-day period allotted in Rule 4(m). Indeed, Rule 4(m) requires that a defendant be served "within 90 days after the complaint is filed" or the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Rule also provides, however, that if the plaintiff demonstrates "good cause" for the failure to properly effect service, dismissal is improper, and the court must extend the time for service for an appropriate period.[26]

The Court concluded in the previous section that Plaintiff has yet to perfect service upon Defendant, a limited liability company. Even assuming that Plaintiff's service was proper, however, Plaintiff nevertheless failed to serve Defendant timely. Here, Plaintiff filed his Complaint on October 24, 2018. The evidence in the record demonstrates that Defendant was served some time between October 28, 2019 and November 5, 2019—well after the 90-day period provided for in Rule 4(m). Because Defendant was not properly

---

[24] FED. R. CIV. P. 4(h)(1)(B).
[25] Wesenberg v. New Orleans Airport Motel Assocs. TRS, LLC, No. 14-1632, 2015 WL 5599012, at *2 (E.D. La. Sept. 22, 2015) (citing Larsen v. Mayo Med. Ctr., 218 F.3d 863, 868 (8th Cir. 2000)); Collins v. WAFB, LLC, No. 16-15648, 2017 WL 951948, at *2 (E.D. La. Mar. 10, 2017).
[26] FED. R. CIV. P. 4(m).

7

served within 90 days after the complaint was filed, this Court "must dismiss the action without prejudice . . . or order that service be made within a specified time."[27] If Plaintiff can establish good cause for this failure, however, then the Court must extend the time for service for an appropriate period.[28] While Plaintiff failed to file an opposition to this Motion, the Court will nevertheless assess the potential existence of good cause on Plaintiff's behalf in light of his pro se status.

To establish good cause, a plaintiff bears the burden of demonstrating "at least as much as would be required to show excusable neglect."[29] "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[30] This Court is unable to locate any evidence of good cause in the record to justify Plaintiff's nearly one-year delay to request service.[31] Accordingly, this Court is not required to give Plaintiff additional time to perfect service. Instead, this Court must exercise its discretion in deciding whether to dismiss the case without prejudice or to afford Plaintiff additional time to effect service. The Court now turns to Defendant's argument against providing additional time to perfect service.

### C. Extending Time to Perfect Service

---

[27] *Id.*

[28] *Id.*

[29] *Winters*, 776 F.2d at 1306.

[30] *Id.*

[31] The Court notes that "filing a complaint with an application to proceed in forma pauperis ('IFP') should toll Rule 4(m)'s time for effecting service until the IFP application is resolved and that the limitations period should remain tolled at least until the court issues its decision." Collins v. CB&I, LLC, No. 2:19-CV-00156, 2019 WL 3331679, at *2 (W.D. La. July 23, 2019) (citing Ellis v. Principi, 223 F.R.D. 446, 446–48 (S.D. Miss. 2004)). Here, Plaintiff's application to proceed in forma pauperis was filed on October 24, 2018; the application was denied on October 30, 2018. Thus, Plaintiff's 90-day time period to serve could only be tolled 6 days at most. Nevertheless, even considering this tolled period, Plaintiff served Defendant far after the 90-day period allotted.

8

Defendant argues that affording Plaintiff additional time to effect service would be futile because Plaintiff's Complaint is untimely. Defendant correctly notes that a plaintiff alleging employment discrimination under Title VII or the ADA must file suit within 90 days of the receipt of the Right to Sue Letter.[32] "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed."[33]

Here, Plaintiff's Complaint alleges that he received his Right to Sue Letter on July 25, 2018. Plaintiff filed his Complaint on October 24, 2018, exactly 91 days later. Accordingly, Plaintiff's Complaint is untimely, and Defendant is correct to assert that providing Plaintiff with additional time to effect service would be futile. "While the district court has discretion to extend the time allowed for curing defective service if good cause is not shown, the court can also refuse to exercise this discretion."[34] Today, the Court declines to exercise this discretion.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**, and it is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana this 22nd day of May, 2020.

---

[32] Lee v. Columbia/HCA of New Orleans, Inc., 611 F. App'x 810, 812 (5th Cir. 2015) ("Title VII claimants must file suit within 90 days of receipt of an EEOC right-to-sue letter. The same deadline applies to claims under the Americans with Disabilities Act.) (internal citations omitted). This 90-day period was also explicitly noted in Plaintiff's Right to Sue Letter.

[33] Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002).

[34] Hawkins v. Potter, 234 F. App'x 188, 190 (5th Cir. 2007) (citing Thompson v. Brown, 91 F.3d 20, 21–22 (5th Cir. 1996)).

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

10